UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: PATRICK GEORGE,

                Debtor.

Case Number 16-14048
Bankr. Number 11-54164
Honorable David M. Lawson

_____/

SELWAN KESTO,

         Appellant,

v.

PATRICK GEORGE,

         Appellee.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS APPEAL

Appellant Selwan Kesto, a creditor of bankruptcy debtor Patrick George, has appealed an unfavorable judgment entered against him by a bankruptcy judge in an adversary proceeding in which Kesto challenged the dischargeability of debts George allegedly owed to him. The appeal, however, has been suffering from neglect. Despite a scheduling order that required Kesto to file his appellate brief by January 13, 2017, and bankruptcy rules that reinforced that date, no appellate brief has been filed. Appellee and debtor Patrick George filed a motion to dismiss the appeal on February 13, 2017, to which Kesto responded, and the Court held a hearing on the motion on March 8, 2017. Kesto's attorney's argument at the motion consisted essentially of an acknowledgment that his brief was overdue and that he had no excuse for its tardiness. But despite counsel's candid contrition and the passage of even more time, still there has been no filing of either a motion seeking to enlarge the deadline or — better yet — the appellate brief itself. The Court, therefore, sees no good reason not

to grant the motion to dismiss the appeal for want of prosecution and failure to comply with the Bankruptcy Rules.

I.

Bankruptcy Judge Walter Shapero filed a trial opinion on September 23, 2016, followed by an order that same day, denying Kesto's claims. Relying on 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), Kesto had alleged in the adversary proceeding that certain debts George owed him, which arose from their misbegotten joint business ventures, were nondischargeable due to "false pretenses, a false representation, or actual fraud," or because of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Judge Shapero never reached the question of George's alleged fraud or defalcation, because he found that Kesto failed to carry his burden of proving that any enforceable debt existed between him and George. Judge Shapero concluded that Kesto's dischargeability challenge failed for that reason. Kesto filed motions for reconsideration and to amend the judgment, but Judge Shapero's successor (by then, he had retired) denied those motions on November 1, 2016.

Kesto filed his notice of appeal on November 14, 2016. That triggered a 14-day period in which he was obliged to (a) designate the items to include in the appellate record and the issues on appeal, and (b) order the transcripts of the proceedings. Fed. R. Bankr. P 8009(a)(1)(A), (4), (b)(1)(A). Kesto failed to order the transcript on time. George asserts in his motion to dismiss that he warned Kesto of that procedural misstep — there were three days of trial that had to be transcribed — but Kesto did not place a transcript order until after the record was docketed in this Court.

The Clerk docketed the record on December 12, 2016. The record included a transcript excerpt of one of the trial days — January 27, 2015 — consisting mostly of the testimony of Patrick George, but no other witnesses. There also was a transcript of an evidentiary hearing on July 21, 2014. The complete trial transcript was not included however.

Under Bankruptcy Rule 8018(a)(1), Kesto was required to file his appellant's brief within 30 days after the record was docketed. This Court entered a scheduling order that confirmed that Kesto's filing deadline was January 13, 2017. When a month went by and no brief was filed, George filed his motion to dismiss the appeal.

## II.

If an appellant in a bankruptcy appeal fails to file a brief within the time allowed, "the district court . . . may dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4); *see also* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal."). Rule 8018(a)(4) was not intended to encourage routine dismissals for only trivial lapses of timely filings. But dismissal is appropriate "when bad faith, negligence or indifference has been shown." *In re Tucker*, 665 F. App'x 841, 844 (11th Cir. 2016) (quoting *Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985)).

Kesto responded to the motion to dismiss the appeal by arguing that the transcripts necessary to draft his appellate brief had not been received, one of his attorneys (Steven Cohen) was incapacitated with a medical issue between December 20, 2016 and January 10, 2017, another of his lawyers (Samuel Herman) was not aware of the notice that the record was docketed, Mr. Herman

-3-

eventually retired, office staff did not calendar the deadline even though they received the notice on PACER, and, inexplicably, Judge Shapero's retirement "further complicated this situation itself." This litany of unfortunate events, argues Kesto, coalesced into a perfect storm that prevented the timely filing of his brief on appeal.

When an attorney's medical difficulties prevent attention to a case, this Court is the first to grant sensible relief from deadlines and provide reasonable accommodation. None of those problems, however, were ever brought to the Court's attention, and apparently George's attorneys were left in the dark as well. Kesto was represented by a third attorney, Aaron Silvenis, who appeared at oral argument on the motion to dismiss the appeal, and said all of the procedural defaults in this case were his fault. But Mr. Silvenis never sought a stipulation from George's attorneys for more time to file his brief, and to this day has not filed a motion asking the Court for that relief.

Kesto's attorneys state that they could not draft an appellate brief because they did not have all the transcripts. However, on December 12, 2016, George's attorney notified Mr. Cohen and Mr. Silvenis about their failure to order the complete trial transcripts. There is no evidence that Mr. Silvenis or anyone else on Kesto's behalf ever attempted to fix that fault, which amounts to a violation of Bankruptcy Rule 8009(b)(1). George's attorney points out that the transcripts of the trial are now available and have been since at least before March 3, 2017. Still, however, no appellant's brief has been filed.

There is no coherent explanation why Kesto cannot file a brief. The response to the motion to dismiss references an incomplete record and the inability to obtain a transcript of a "hotly-contested" motion hearing. But the bankruptcy court's judgment was based on a three-day trial, not a motion decision; and there is no description of the missing motion proceedings themselves (date,

nature of motion, ruling, result) or the resulting order, and how they might impact the trial result or any potential issue on appeal. Nor has Kesto moved in this Court for any relief concerning the record on appeal or the appellate deadlines. He only asks that George's motion to dismiss be denied. But that would leave this appeal in limbo, with no end in sight.

As noted above "Federal Rule of Bankruptcy Procedure [8003(a)(2)] grants the district court authority to dismiss appeals for non-prosecution." *In re Buscemi's Int'l, Inc.*, 64 F. App'x 910, 911 (6th Cir. 2003). Nearly three months have elapsed since Kesto's brief was due, yet there has been no filing, no request for more time, no plea for help with the record (the need for which is uncertain, as the trial transcripts have been available), and no indication that an appellant's brief might be on the horizon. It logically follows, therefore, that Kesto's lapse is based on "negligence or indifference." *Ibid.*

### III.

Bankruptcy cases "have been described as 'sprawling events that are made up of smaller, discrete proceedings.'" *In re Cyberco Holdings, Inc.*, 734 F.3d 432, 437 (6th Cir. 2013) (quoting *In re McKinney,* 610 F.3d 399, 402 (7th Cir. 2010)). An adversary proceeding is one of those "smaller proceedings" that must be resolved before the bankruptcy case can conclude. Delay in an adversary proceeding, especially when one is appealed, can stymie the ultimate disposition of a bankruptcy case, which is why district courts are attentive to the prompt adjudication of appeals in adversary proceedings. Here, the appellant's indifference to the deadlines established by this Court (and the Bankruptcy Rules) has caused delay that cannot be countenanced. Appellant Kesto has offered no prospect of perfecting his appeal. It is appropriate, therefore, to dismiss it under Bankruptcy Rules 8018(a)(4) and 8003(a)(2).

Accordingly, it is **ORDERED** that the appellee's motion to dismiss the appeal [dkt. #5] is **GRANTED**.

It is further **ORDERED** that the appeal is **DISMISSED**.

                                      s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

Dated: April 11, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 11, 2017.

                        s/Susan Pinkowski
                        SUSAN PINKOWSKI